And call our last case of almost this morning, Avenatti versus Fox News Network, Mr. Perez and Mr. George. Take your time setting up. Good morning, your honors. Excuse me. I have had about it because my voice never came back. Been there, done that. I have the same issues you have. It's horrible. Good morning. My name is Sean Perez and I represent Mr. Avenatti in this appeal. I'd like to just reserve a couple of minutes, two minutes for rebuttal. Two minutes is fine. Thank you. In this district or in this circuit, there are two different viewpoints on jurisdiction and joinder. When you have a removal, it's a post removal joinder amendment by a plaintiff. And we're asking this court to base this decision on fraudulent joinder rather than on 1447E and the Henskin factors, which is what the court did here. The final thought here is what about Rule 21? Well, Rule 21 does give the court a lot of power. I mean, it's a powerful tool for the court to use to police joinder. But historically, it's been used to preserve joinder where a case has gone on for years or. But it has no inherent limitation. Well, I would think that the limitation is by Rule 15, 1447E. I mean, well, we'll talk about 1447E as to when it applies. But, I mean, just the optics here are you sue Fox News and you have a number of additional defendants. And there is diversity. And the case is removed. And then three or four days later, you add Mr. Hunt. And that somehow affects diversity negatively. And it doesn't look good. Why was Mr. Hunt not brought in at the very beginning when you filed in state court? And the answer probably, I don't know what the answer was. Why wasn't he? Well, my understanding is that he was in the complaint. He is mentioned in the complaint. He's probably the most instrumental. If he was the most instrumental, why was he not listed as a defendant? Why was he not named? Your Honor, I can't answer that other than after the complaint was filed, there was some additional research done. They found out that he had written another publication or republished something. But he's not necessary to the case. If you've got Fox News, it's responsible for what he said anyway. Well, actually, he is a necessary party. Mr. Hunt, of all the named defendants, Mr. Hunt is the only one who's in California or was in California at the time. But Hunt and Fox News are jointly and severally liable if there's liability, correct? Correct. Well, there could be additional liability on the part of Mr. Hunt. I mean, we don't know what, you know, his intentional actions were. You haven't alleged anything that would take him out of Fox News being liable for him? No, Your Honor. But I'd like to go back. Let me back up to fraudulent joinder. Fraudulent joinder applies to attack the propriety of removal. Correct. That ship has sailed. There is no applicability of fraudulent joinder if you're contesting something other than the propriety of removal. Your Honor, if I'm understanding. Tell me where I'm wrong. Well, if I'm understanding the court correctly, you're talking about the purpose of the removal. No. I'm talking about whether the removal was appropriate. We're not, as a matter of law, we're not there. We're beyond that. You amended the complaint and that's where we are. Correct. I mean, was removal proper at the time? And that's not an issue here. No, that's not. So give me a case that says that that principle can apply any time other than when someone is attacking the propriety of the removal itself. I'm still not following you, Your Honor. With respect to going back to Rule 21, are we talking about. No, no, no. I'm saying you said fraudulent joinder. Correct. And I'm saying the case law specifically is that fraudulent joinder applies when you are challenging the removal itself. That is not what you are challenging. So how would you say that fraudulent joinder has any applicability here? Well, Your Honor, when the case is removed under 15, it's back, it's in the federal district court, and the complaint has been amended. I understand that, you know, there was a reason for removal from the state court at the time based on diversity. When Mr. Avenatti amended that complaint within the proper time frame, I mean, that starts everything anew. That's the original complaint. No, no, no. When he did that, was he attacking the propriety of the removal? No. He was quite content with the removal. And he just amended to add. So how does fraudulent joinder have any relevance here? Well, let me go one step beyond that then. As far as fraudulent joinder goes and the Henskin factors, because those are the two methods that were employed. Right, but as far as I'm concerned, you're out of fraudulent joinder. Okay, well, let's go to Henskin then, because Henskin, the first factor is purpose. But going back, there's a – But how is the court wrong in surmising what was going on here? And wasn't it possible for the court to do that? Anything is possible these days. I don't even – I mean, who knows? But even assuming that Mr. Avenatti was going to amend the complaint to defeat diversity, that's not the issue. The issue is whether or not he had a tolerable claim. This goes back to 1909, Illinois Central Rail, where the Supreme Court said, you can amend. You can do things to avoid diversity. I mean, there's – here's a quote. If the plaintiff had an objectively valid basis for joining the defendant, their subjective motivation doesn't matter. Well, under Henshin, it's a different drill. Well, there's – And the court analyzed it under Henshin and came to the conclusion it did. How is that wrong? That it should be analyzed under Henskins? Well, that it should be analyzed, that it did, and the analysis was wrong? How was it wrong? Well, I think, number one, with respect to purpose, I mean, our position is that there was nothing to establish that the amendment was done just to defeat diversity. The second factor – Well, what was the need to include Mr. Hunt? There was no need. Unless you're going to – unless the allegations of the amended complaint show that he did something outside the realm of his employment, you had him when you had Fox News. Well, Your Honor, that remains to be a question at this point. You have to understand, Mr. Hunt is the only individual at Fox News that's in California. He is actively pursuing claims and allegations against Mr. Avenatti in California. Why not sue him at the outset? And you said you don't know the answer to that. No. So, I mean, I think that Mr. Hunt was a valid, indispensable party. I don't think that – and like I said, and like the case – Could you say why he was valid, indispensable? Well, Mr. Hunt had been collecting information regarding Mr. Avenatti's arrest in Newport Beach. Regarding what? Regarding his arrest, an arrest that took place in Newport Beach. And had been reporting – well, he was slandering Mr. Avenatti with his reporting. So, I mean – and probably the most important thing about Mr. Hunt is just his proximity to Mr. Avenatti. Proximity how? Well, he's in California, Mr. Avenatti's in California. He's pursuing Mr. Avenatti. I mean, Mr. Avenatti put himself in this position, I will say that. You know, politically, however. It's fine, they're both in California. The case ends up in Delaware. Yeah, go figure. I know. But going back to even the Henskin factors, I mean, whether or not he would be prejudiced, I think we covered that in the brief. But Mr. Avenatti will lose his ability to bring a case against Mr. Hunt. I mean, the statute of limitations may have run. We're not really sure. I believe under California law it may have run. And so he would lose his ability to sue Mr. Hunt individually as opposed to in this lawsuit. The last factor, the equities, I don't know how Fox News would be somehow prejudiced or put at a disadvantage by trying the case in a Delaware court as opposed to the federal court. I mean, this is, you know. Because you have a right under federal law to remove a case if there's diversity. And then if somebody's added in that in effect destroys diversity, there's a lot of authority given to a district court judge in the interest of justice, as that judge sees it, to sue esponte. Certainly. I mean, that brings us to rule 21. And whether or not the court has the power, I mean, first of all, they do have the power to do that. But using rule 21 as it did in this particular instance expands the jurisdiction of the federal court, where federal courts are courts of limited jurisdiction historically. I mean, what you've done, or not what you've done, but what the court did was use rule 21, said, well, you know, 1447E doesn't work, you know, and I'm not going to apply the fraudulent joinder test. So let me see what else I can do to try and save this case. When in reality, the case law developed over years has said that, you know, it's always better to err on remand. Send it back to the state court. But somehow you're asking us to find that rule 21 just doesn't apply. But it does. I believe that it does. But the application of the factors I don't think warrant. If there were joint and several liability, you might win. If you had sued Mr. Hunt at the very outset, you stay in state court. You make the calls. They're entitled to remove. They do. And then Hunt's added. And you can see why a court on just terms has a great deal of discretion to ax or get rid of a dispensable party, which clearly Mr. Hunt is. I mean, I don't know how to get around it. Well, Your Honor, I would think if it if it boils down to being in indispensable, dispensable or or properly added. I think I think there's sort of a little bit of a problem there because the point is you have the ability at the outset to set the stage here and not have removal. But we also have the ability under Rule 15 to amend as a matter of right. But if you've added a dispensable party and the court properly concluded that it was to defeat diversity and the other fine, then court has the power. What makes him indispensable? Because you're well, it falls on whether he's independent, dispensable. I also see how he is. I believe that there may be. I mean, I don't know. There may be situations where Mr. Hunt could be found liable, where Fox News might not. The amended complaint. I mean, the amended complaint just parroted the same statements that he had made that were contained in the original complaint. So wouldn't you have to have the obligation of the amended complaint to show something more whereby he would not be considered acting as an agent of Fox News in his speaking? So that then it's obvious that he's indispensable. I mean, I would think to withstand a, you know, a Rule 21 decision by the court. Certainly. I'd go back to my position that I think that though the courts have the discretion under Rule 21 to do whatever it is to preserve whatever jurisdictional issue they want to preserve, they have the power. But I don't think it's proper to use the power to expand the reach of the court. I don't understand that. Well, that doesn't make sense. Expand the reach of the court. Well. We're actually respecting the court's jurisdiction. Respecting the federal court's jurisdiction and taking away the state court's jurisdiction. I mean, that's basically the proper application of procedural rules. Right. I understand. Did dropping Hunt prejudice any other parties in the suit besides Avenatti? That I do not know, Your Honor. I wouldn't be able to tell you. Thank you. Mr. Clement here for Mr. George. Thank you. Thank you, Your Honors. Eric George, Ellis George Cipollone on behalf of the defendant parties. It's a pleasure to be before the court. And what I'd like to do is to start in precisely where the court left off with Mr. Perez. I just heard the following words. Courts have the discretion. That was Mr. Perez. Your Honors, we're here on an abuse of discretion standard. That begins and ends the proceeding. But going deeper than that, I'd like to explain why it is that there can't be a good faith argument for Mr. Avenatti to have joined Mr. Hunt and to have claimed that he was indispensable. In addition to what Judge Rendell stated, that there was parroting of prior allegations, there was one additional thing that Mr. Avenatti did. And that's to claim that Mr. Hunt authored an article. And we attached the article in our opposition to the motion to remand. Hunt is out of the case now, right? I'm sorry, Your Honor? Hunt is out of the case. Hunt is out of the case. That's exactly right. Meaning that there remains complete diversity here. And with good reason, Your Honor. That additional article that was cited in this amended complaint is one for which Mr. Hunt was not even an author. I thought we also heard in crystal clear language precisely the reason why Mr. Hunt was added. We just heard it here a few minutes ago. Because he's a Californian. Well, under Henskins, we know what that means. And that's precisely what Judge Bevis found. Henskins normally applies to what, 1447E? That's exactly right, Your Honor. Did it also apply to Rule 21? So, yes, because of course what Judge Bevis here did is to apply 1447E through the conduit of Rule 21. And as you, Your Honor, yourself just asked a few moments ago, using that phrase, unjust terms, Rule 21 is awfully broad. In fact, there is not a single case anywhere in the record, and for that matter, one that we've been able to find, that would limit the application of Rule 21 to do precisely what Judge Bevis did here. There are, of course, several cases to respond to. Another point that I believe was made by Mr. Perez. So if we agree with Judge Bevis, does that mean that under Rule 21 we're done? Yes. Absolutely, Judge Fuentes. And that is in part because there is no question about the propriety of the removal in the first instance. This is a case properly before the federal court. Did Judge Bevis have sufficient evidence before him to make the, draw the conclusions that he did about motive and purpose and dispensability, et cetera? I believe so, Your Honor. There's actually a case law from this circuit. It's the Briscoe case that talks about the ability to even look outside of the pleadings. But here, those matters that did occur are strictly factual, and they are all based in the specifics of what was pleaded and the timing of certain things that occurred. Anything further? I have nothing further. I have nothing further. Thank you very much, Your Honors. Just one brief point, Your Honor, and that was with respect to looking outside the pleadings. In this context, I believe it's Briscoe, and there's several other third-circuit cases that talk about whether or not you can go beyond just looking at the face of the complaint. Bless you. And go beyond, like, for a motion to dismiss or, you know, some other motion where you can go behind the pleadings. And the majority of the cases say you don't. You can't step over that precipice because it's not the merits of the matter that matter here. It's whether or not the court can address those merits. It can go up to this point and decide, yes, we have jurisdiction, or no, we don't, and not go beyond that. So when you ask, well, did Judge Bevis go beyond that and look, well, he shouldn't have, first of all. And it never came up. I mean, this was all done without any further briefing. Do you agree with the standard of review, the abuse of discretion standard? With respect to Rule 21? Yes, the court's. Well, yes. I mean, what can I say? It is a discretionary statute. The thing that comes to mind, though, is how it's applied. I understand the court's discretion in using it, but just as much as, you know, an appellee saying, well, you know, Mr. Avanade used the amendment to defeat jurisdiction. You know, the court used Rule 21 to find it. When I think that was impermissible, I think that was going a step too far. And on that, I'll submit. Thank you very much. Thank you. Both counsel will be with us, and we'll take the matter under advisement and recess for today. Thank you.